# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

JIMI D. VANDUSEN                                                                   PLAINTIFF

V.                      NO. 4:19CV00566 LPR/JTK

ANDREW SAUL,
Commissioner of Social Security Administration[1]                DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, Jimi D. VanDusen, applied for disability benefits on February 24, 2016, alleging a disability onset date of February 20, 2013. (Tr. at 11). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 30).[2] The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner. VanDusen has requested judicial review.

For the reasons stated below, this Court should reverse the ALJ's decision and remand for further review.

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

[2] At the hearing, VanDusen amended his alleged onset date to February 26, 2014. (Tr. at 11).

## II. The Commissioner's Decision:

The ALJ found that VanDusen had not engaged in substantial gainful activity since the amended alleged onset date of February 26, 2014. (Tr. at 14). At Step Two, the ALJ found that VanDusen had the following severe impairments: osteoarthritis and allied disorders, dysfunction-major joints-shoulders, adjustment disorder with depressed mood-mild, amphetamine type use disorder, by history, in early remission, and cannabis use disorder, by history, in early remission. *Id.*

After finding that VanDusen's impairment did not meet or equal a listed impairment (Tr. at 14), the ALJ determined that VanDusen had the residual functional capacity ("RFC") to perform work at the light exertional level, except that: (1) he can occasionally overhead reach bilaterally; (2) he can perform work where interpersonal contact is incidental to the work performed; (3) complexity of tasks is learned by rote with few variables and little judgment; and (4) supervision required is simple, direct, and concrete. (Tr. at 16).

The ALJ determined that VanDusen was unable to perform any past relevant work. (Tr. at 28). Relying upon the testimony of the Vocational Expert ("VE") at Step Five, the ALJ found that, based on VanDusen's age, education, work experience and RFC, jobs existed in the national economy which he could perform. (Tr. at 29). Consequently, the ALJ found that VanDusen was not disabled. *Id.*

## III. Discussion:

### A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557

F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B. VanDusen's Arguments on Appeal

VanDusen argues that substantial evidence does not support the ALJ's decision to deny benefits. He contends that the ALJ erred in his credibility analysis, he failed to properly develop the record, and the RFC did not fully incorporate his limitations. For the following reasons, the Court agrees with VanDusen.

VanDusen suffered shoulder pain arising from an old injury. He was diagnosed with severe osteoarthritis, degenerative disease, and labral tears. (Tr. at 53, 504, 531, 872). VanDusen required five shoulder surgeries to repair the damage. (Tr. at 18, 104-107, 477, 479, 531, 537, 545, 575). Still, his pain was not fully resolved and it was bad enough to interfere with sleep. (Tr. at 518). His pain did not respond to physical therapy, anti-inflammatories, or steroid injections. (Tr. at 18, 19, 54, 735). VanDusen's wife testified that he slept most of the day and needed help getting dressed. (Tr. at 132).

An occupational functional examination was done on June 8, 2017. (Tr. at 23, 850-856). The evaluator found that, based on his shoulder injury, VanDusen was severely limited in the use of the left upper extremity in completion of daily tasks.[3] *Id.* He would need skilled occupational

---

[3] The examiner noted limitation in the right upper extremity, but this appeared to be error because the

therapy. *Id*.

The first state-agency doctor reviewed the records on June 21, 2016 and found that VanDusen was limited to no overhead reaching with the left upper extremity. (Tr. at 148-149). This directly conflicts with the RFC for only occasionally overhead reaching. A second state-agency reviewing doctor, found, on September 16, 2016, that VanDusen was limited to occasional overhead reaching, but he projected that assessment forward until August 5, 2017. (Tr. at 176). There was no basis for such a projection; in fact, VanDusen had two more surgeries after the assessment and still experienced pain.

The fact that the two state-agency reviewers had conflicting opinions about overhead reaching, and that the occupational evaluator put severe limitations on VanDusen's activities, calls into question the ALJ's limitation to occasional overhead reaching. The ALJ has a duty to develop the record fully, even when the claimant is represented by counsel, and must order a consultative examination if it is necessary to make an informed decision. *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). If the record is in conflict, as is the case here, a consultative examination should be ordered, or at the least, the ALJ should obtain a functional capacity opinion from a treating source.[4] The latest functional capacity opinion, by a consultant who only reviewed records, occurred two years before the end of the relevant time period (the hearing decision issued on October 24, 2018 and the last opinion was dated September 16, 2016). (Tr. at 29, 176).

IV. **Conclusion:**

---

evaluation was specifically limited to the left shoulder. (Tr. at 856).

[4] Because of the typo in the occupation evaluation stating right upper extremity limitations even though it was a left shoulder exam, the ALJ should have followed up with that evaluator to get clarification.

4

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The record was not properly developed and the RFC did not fully incorporate VanDusen's limitations.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further review.

DATED this 1st day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE